## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **JERRY FRASER and RAY COATE,** | § | |
| **Individually and on behalf of all others** | § | |
| **similarly situated** | § | |
| | § | |
| *Plaintiffs***,** | § | Civil Action No. <u>CIV-18-554-R</u> |
| | § | |
| **v.** | § | |
| | § | **JURY TRIAL DEMANDED** |
| **TITAN TRUCKS, INC.** | § | |
| | § | **COLLECTIVE ACTION** |
| *Defendant.* | § | **PURSUANT TO 29 U.S.C. § 216(b)** |

## ORIGINAL COLLECTIVE ACTION COMPLAINT

Jerry Fraser and Ray Coate bring this action individually and on behalf of all current and former drivers (hereinafter "Plaintiffs and the Putative Class Members") who worked for Titan Trucks, Inc. (hereinafter "Titan"), at any time during the past three years through the final disposition of this matter, to recover compensation, liquidated damages, attorneys' fees, and costs, pursuant to the provisions of Section 216(b) of the Fair Labor Standards Act of 1938, as amended 29 U.S.C. § 216(b).

## I.
## OVERVIEW

1.      This is a collective action to recover overtime wages brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et. seq.*

2.      Plaintiffs and the Putative Class Members are those persons who worked for Titan at any time from June 5, 2015 through the final disposition of this matter.

3.      During this time, Plaintiffs and the Putative Class Members were non-exempt drivers who were not paid overtime of at least one and one-half their regular rates for all hours worked in excess of forty (40) hours per workweek.

4.      Plaintiffs and the Putative Class Members routinely work (and worked) in excess of forty (40) hours per workweek.

5.      Plaintiffs and the Putative Class Members were not paid overtime of at least one and one-half their regular rates for all hours worked in excess of forty (40) hours per workweek.

6.      The decision by Titan not to pay overtime compensation to Plaintiffs and the Putative Class Members was neither reasonable nor in good faith.

7.      Titan knowingly and deliberately failed to compensate Plaintiffs and the Putative Class Members overtime for any hours worked in excess of forty (40) hours per workweek.

8.      Plaintiffs and the Putative Class Members did not and currently do not perform work that meets the definition of exempt work under the FLSA or any other applicable law.

9.      Plaintiffs and the Putative Class Members therefore seek to recover all unpaid overtime and other damages owed under the FLSA as a collective action pursuant to 29 U.S.C. § 216(b).

10.     Plaintiffs also pray that all similarly situated workers (Putative Class Members) be notified of the pendency of this action to apprise them of their rights and provide them an opportunity to opt-in to this lawsuit.

## II.
## THE PARTIES

11.     Plaintiff Jerry Fraser ("Fraser") worked for Titan during the relevant time period. Plaintiff Fraser did not receive overtime compensation for all hours worked in excess of forty (40) hours per workweek.[1]

---

[1] The written consent of Jerry Fraser is attached hereto as Exhibit "A."

12.    Plaintiff Ray Coate ("Coate") worked for Titan during the relevant time period. Plaintiff Coate did not receive overtime compensation for all hours worked in excess of forty (40) hours per workweek.[2]

13.    The Putative Class Members are those current and former drivers who were employed by Titan at any time in the past three years and have been subjected to the same illegal pay system under which Plaintiffs worked and were (and continue to be) paid.

14.    Titan Trucks, Inc. ("Titan") is a foreign for profit corporation, licensed to and doing business in Oklahoma, and may be served through its registered agent for service of process: **Registered Agents Inc., 3030 Northwest Expressway, STE 200B, Oklahoma City, OK 73112.**

### III.
### JURISDICTION & VENUE

15.    This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1331 as this is an action arising under 29 U.S.C. § 201 *et. seq.*

16.    This Court has personal jurisdiction over Titan because the cause of action arose within this district as a result of Titan's conduct within this District.

17.    Venue is proper in the Western District of Oklahoma because this is a judicial district where a substantial part of the events or omissions giving rise to the claim occurred.

18.    Specifically, Titan has maintained a working presence throughout Oklahoma and Plaintiffs worked (and continue to work) on behalf of Titan in El Reno, Oklahoma, all ofa which is located within this District.

19.    Venue is therefore proper in this Court pursuant to 28 U.S.C. § 1391(b).

---

[2] The written consent of Ray Coate is attached hereto as Exhibit "B."

# IV.
## ADDITIONAL FACTS

20.     Titan is a trucking company that is based out of Levelland, Texas, and provides hauling and delivery services for clients in the State of Texas, New Mexico, Kansas, and Oklahoma.[3]

21.     To provide these services, Titan employed numerous drivers to deliver frac sand to their clients in the State of Oklahoma.

22.     Plaintiffs and the Putative Class Members neither crossed state lines nor transported goods in the stream of commerce. Instead, Plaintiffs and the Putative Class Members operated exclusively in the State of Oklahoma by picking up goods that originated in Oklahoma and delivering those goods to Oklahoma clients for use in Oklahoma.

23.     Plaintiff Fraser was employed by Titan from approximately September 2016 through February 2017.

24.     Titan paid Plaintiff Fraser at a rate of twenty-one dollars ($21.00) per hour for all hours worked each workweek. Titan did not pay overtime at a rate of at least one and one-half of Plaintiff Fraser's regular rate for all hours worked in excess of forty (40) hours per workweek.

25.     Plaintiff Coate has been working for Titan since March of 2018.

26.     Titan pays Plaintiff Coate by commission for each load delivered with a guaranteed daily pay rate of two-hundred and twenty dollars ($220.00). The daily pay is a draw against Plaintiff Coate's commission.

27.     Specifically, if Plaintiff Coate's total commissions for one day is lower than two-hundred and twenty ($220.00) dollars, then Titan pays Plaintiff Coate two-hundred and twenty ($220.00) dollars for that day regardless of the number of hours worked. If Plaintiff Coate's total commissions for one day are greater than two-hundred and twenty ($220.00) dollars, then Titan will

---

[3] http://titantrucksinc.com

only pay Plaintiff Coate the commission he earned for that day regardless of the number of hours worked.

28.    Moreover, Titan does not pay overtime at a rate of at least one and one-half Plaintiff Coate's regular rate for all hours worked in excess of forty (40) hours per workweek.

29.    Plaintiffs and the Putative Class Members regularly worked in excess of forty (40) hours per week. Specifically, Plaintiffs and the Putative Class Members usually worked forty-five (45) to seventy-four (74) hours per week.

30.    The FLSA mandates that overtime be paid at one and one-half times an employee's regular rate of pay.

31.    Defendants did not pay overtime at a rate of at least one and one-half Plaintiffs and the Putative Class Members' regular rate for all hours worked in excess of forty (40) hours per week.

32.    Accordingly, Titan's pay policies and practices violated (and continue to violate) the FLSA.

## V.
## CAUSES OF ACTION

### COUNT ONE
### (Collective Action Alleging FLSA Violations)

**A.    FLSA COVERAGE**

33.    All previous paragraphs are incorporated as though fully set forth herein.

34.    The FLSA Collective is defined as:

**ALL DRIVERS WHO WORKED FOR TITAN TRUCKS, INC. IN THE STATE OF OKLAHOMA, AT ANY TIME FROM JUNE 5, 2015 THROUGH THE FINAL DISPOSITION OF THIS MATTER, AND DID NOT RECEIVE OVERTIME FOR HOURS WORKED OVER FORTY IN ANY WORKWEEK ("FLSA Collective" or "FLSA Collective Members").**

35.    At all times hereinafter mentioned, Titan has been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

36.     At all times hereinafter mentioned, Titan has been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

37.     At all times hereinafter mentioned, Titan has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, or in any closely related process or occupation directly essential to the production thereof, and in that those enterprises have had, and have, an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

38.     During the respective periods of Plaintiffs and the FLSA Collective Members' employment by Titan, these individuals provided services for Titan that involved interstate commerce for purposes of the FLSA.

39.     In performing the operations hereinabove described, Plaintiffs and the FLSA Collective Members were engaged in commerce or in the production of goods for commerce within the meaning of §§ 203(b), 203(i), 203(j), 206(a), and 207(a) of the FLSA. 29 U.S.C. §§ 203(b), 203(i), 203(j), 206(a), 207(a).

40.     Specifically, Plaintiffs and the FLSA Collective Members are (or were) ***non-exempt*** employees who worked for Titan and were engaged in oilfield services that were directly essential to the production of goods for Titan and related oil and gas exploration and production companies. 29 U.S.C. § 203(j).

41.     At all times hereinafter mentioned, Plaintiffs and the FLSA Collective Members are (or were) individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

42.    In violating the FLSA, Titan acted willfully, without a good faith basis and with reckless disregard of applicable federal law.

43.    The proposed collective of similarly situated employees, i.e. putative collective members sought to be certified pursuant to 29 U.S.C. § 216(b), is defined in Paragraph 34.

44.    The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee or personnel records of Defendants.

## B.    FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FLSA

45.    All previous paragraphs are incorporated as though fully set forth herein.

46.    Titan violated provisions of Sections 7 and 15 of the FLSA, 29 U.S.C. §§ 207, and 215(a)(2) by employing individuals in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than forty (40) hours without compensating such employees for hours worked in excess of forty (40) hours per week at rates at least one and one-half times the regular rates.

47.    Plaintiffs and the FLSA Collective Members have suffered damages and continue to suffer damages as a result of Titan's acts and omissions as described herein; though Titan is in possession and control of necessary documents and information from which Plaintiffs would be able to precisely calculate damages.

48.    Moreover, Titan knowingly, willfully and in reckless disregard carried out its illegal pattern of failing to pay Plaintiffs and other similarly situated employees overtime compensation. 29 U.S.C. § 255(a).

49.    Titan knew or should have known their pay practices were in violation of the FLSA.

50.    Titan is a sophisticated party and employer, and therefore knew (or should have known) its policies were in violation of the FLSA.

51.     Plaintiffs and the FLSA Collective Members, on the other hand, are (and were) unsophisticated laborers who trusted Titan to pay overtime in accordance with the law.

52.     The decision and practice by Titan to not pay overtime was neither reasonable nor in good faith.

53.     Accordingly, Plaintiffs and the FLSA Collective Members are entitled to overtime wages for all hours worked in excess of forty (40) in a workweek pursuant to the FLSA in an amount equal to one-and-a-half times their regular rate of pay, plus liquidated damages, attorneys' fees and costs.

**C.      FLSA COLLECTIVE ACTION ALLEGATIONS**

54.     All previous paragraphs are incorporated as though fully set forth herein.

55.     Pursuant to 29 U.S.C. § 216(b), this collective claim is made on behalf of all those who are (or were) similarly situated to Plaintiffs Fraser and Coate.

56.     Other similarly situated employees have been victimized by Titan's patterns, practices, and policies, which are in willful violation of the FLSA.

57.     The FLSA Collective Members are defined in Paragraph 34.

58.     Titan's failure to pay any overtime compensation results from generally applicable policies and practices, and does not depend on the personal circumstances of the individual FLSA Collective Members.

59.     Thus, Plaintiffs' experiences are typical of the experiences of the FLSA Collective Members.

60.     The specific job titles or precise job requirements of the various FLSA Collective Members does not prevent collective treatment.

61.     All of the FLSA Collective Members—regardless of their specific job titles, precise job requirements, rates of pay, or job locations—are entitled to be properly compensated for all hours worked in excess of forty (40) hours per workweek.

62.     Although the issues of damages may be individual in character, there is no detraction from the common nucleus of liability facts. Indeed, the FLSA Collective Members are blue-collar workers entitled to overtime after forty (40) hours in a week.

63.     Titan has employed a substantial number of similarly situated drivers in the State of Oklahoma since June 5, 2015. Upon information and belief, these workers are geographically dispersed, residing and working in locations across the United States. Because these workers do not have fixed work locations, they may work in different states across the country in the course of a given year.

64.     Absent a collective action, many members of the proposed FLSA collective likely will not obtain redress of their injuries and Titan will retain the proceeds of its rampant violations.

65.     Moreover, individual litigation would be unduly burdensome to the judicial system. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the individual members of the classes and provide for judicial consistency.

66.     Accordingly, the FLSA Collective of similarly situated plaintiffs should be certified as defined as in Paragraph 34 and notice should be promptly sent.

## VI.
## RELIEF SOUGHT

67.     Plaintiffs respectfully pray for judgment against Titan as follows:

a.     For an Order certifying the FLSA Collective as defined in Paragraph 34 and requiring Titan to provide the names, addresses, e-mail addresses, telephone numbers, and social security numbers of all putative collective action members;

b.      For an Order approving the form and content of a notice to be sent to all putative collective action members advising them of the pendency of this litigation and of their rights with respect thereto;

c.      For an Order pursuant to Section 16(b) of the FLSA finding Titan liable for unpaid back wages due to Plaintiffs (and those who have joined in the suit), and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiffs (and those who have joined in the suit);

d.      For an Order awarding Plaintiffs and the FLSA Collective Members the costs of this action;

e.      For an Order awarding Plaintiffs and the FLSA Collective Members attorneys' fees;

f.      For an Order awarding Plaintiffs and the FLSA Collective Members pre-judgment and post-judgment interest at the highest rates allowed by law;

g.      For an Order awarding Plaintiffs Fraser and Coate service awards as permitted by law;

h.      For an Order compelling the accounting of the books and records of Titan; and

i.      For an Order granting such other and further relief as may be necessary and appropriate.

Date: June 5, 2018                    Respectfully submitted,

                                      McINTYRE LAW, P.C.

                      By:             /s/ Noble K. McIntyre
                                      **Noble K. McIntyre**
                                      Oklahoma Bar No. 16359
                                      noble@mcintyrelaw.com
                                      8601 S. Western Avenue
                                      Oklahoma City, Oklahoma 73139
                                      Telephone: (405) 917-5250
                                      Facsimile: (405) 917-5405

                                      ANDERSON ALEXANDER, PLLC

                      By:             /s/ Clif Alexander
                                      **Clif Alexander** *(Pro Hac Vice Forthcoming)*
                                      Texas Bar No. 24064805
                                      clif@a2xlaw.com
                                      **Lauren E. Braddy** *(Pro Hac Vice Forthcoming)*
                                      Texas Bar No. 24071993
                                      lauren@a2xlaw.com
                                      819 N. Upper Broadway
                                      Corpus Christi, Texas 78401
                                      Telephone: (361) 452-1279
                                      Facsimile: (361) 452-1284

                                      ***Attorneys in Charge for Plaintiffs and the FLSA Collective***