UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JERRY FRASER, ONOFRE RONQUILLO, DEAN KUEHL, ROYCE FLOWERS, RANDAL ROY, DOUGLAS KENNEDY and JAMES ZIMMERMAN<br><br>*Plaintiffs,*<br><br>v.<br><br>TITAN TRUCKS, INC.<br><br>*Defendant.* | § § § § § § § § § § § § § § | Civil Action No. 5:18-cv-00554-R |

**JOINT MOTION TO APPROVE FLSA SETTLEMENT
AND DISMISS CASE WITH PREJUDICE**

The parties file this Motion requesting approval of a settlement of claims brought under the Fair Labor Standards Act ("FLSA"). This motion is filed by Plaintiffs, Jerry Fraser, Onofre Ronquillo, Dean Kuehl, Royce Flowers, Randal Roy, Douglas Kennedy, and James Zimmerman (collectively "Plaintiffs") and Defendant Titan Trucks, Inc. ("Defendant") (together, "the Parties").

The Parties believe the settlement, which is memorialized in the Settlement Agreement attached hereto as Exhibit 1, is fair and reasonable and should be approved. Therefore, the Parties respectfully request that the Court:

1. Sign the Proposed Order Approving the Settlement Agreement, attached hereto as Exhibit 2 and emailed to the Court; and

2. Sign the Proposed Order dismissing this case with prejudice, attached hereto as Exhibit 3 and emailed to the Court.

**INTRODUCTION**

On June 6, 2018, Plaintiffs filed this lawsuit as a putative FLSA collective action. *See* Plaintiffs' Original Collective Action Complaint, ECF No. 1. Plaintiffs alleged that their job duties included the delivery of frac sand to various well sites throughout the State of Oklahoma and that they were paid an hourly rate without any overtime compensation in violation of the FLSA. *See id.* at ¶¶ 20-28. Plaintiffs alleged that the frac sand was quarried locally in Oklahoma and delivered to well sites in Oklahoma. *See id.* at ¶ 22. On July 31, 2018, Defendant Titan Trucks, Inc. filed its Answer and alleged the application of the Motor Carrier Act exemption to bar Plaintiffs' ability to recover overtime pay under the FLSA. *See* ECF No. 17, ¶ 40.

On Tuesday, October 2, 2018, the Parties appeared for their Scheduling Conference before this Court. The Parties agreed that it would be beneficial to engage in discovery on the merits of Defendant's Motor Carrier Act defense before Plaintiffs moved to conditionally certify the putative collective action. In light of the Parties' agreement, the Court allowed the Parties this preliminary discovery period and ordered the Plaintiffs to file their motion for conditional certification on or before January 15, 2019. *See* ECF No. 24.

After engaging in preliminary discovery, the Parties requested (and were granted) an additional extension of the conditional certification deadline to allow Defendant additional time to obtain all of the documents Defendant requested from necessary third parties. *See* ECF Nos. 27 and 30. Upon review of the documents provided by Defendant, Plaintiffs recognized that Defendant put forth evidence that the frac sand that Plaintiffs

and Opt-In Plaintiffs were responsible for hauling in Oklahoma predominantly originated from outside the state and was shipped into the state before reaching its final Oklahoma destination. As a result of that evidence, Plaintiffs' counsel decided to forego seeking conditional certification and instead sought leave—and was granted the ability—to amend the Original Collective Action Complaint to name all of the Opt-In Plaintiffs in their individual capacities. *See* ECF Nos. 36, 39 and 40. Thereafter, Defendant served written discovery on Plaintiffs, some of the Plaintiffs served discovery responses,[1] and the Parties subsequently negotiated the Settlement Agreement. *See* Exhibit 1.

## ARGUMENTS AND AUTHORITIES

**I.   LEGAL STANDARD.**

The Parties seek approval of the Settlement Agreement under section 216(b) of the FLSA. There are two primary ways in which claims under the FLSA can be settled and released by employees. First, § 216(c) of the FLSA allows employees to settle and waive their claims under the FLSA if the payment of unpaid wages by the employer to the employee is supervised by the Secretary of Labor. *See* 29 U.S.C. § 216(c). Second, in the context of a private lawsuit brought by an employee against an employer under § 216(b) of the FLSA, an employee may settle and release FLSA claims against an employer if the parties present the district court with a proposed settlement and the district court enters an order approving the fairness of the settlement. *Id.; McCaffrey v. Mortg. Sources, Corp.,* No. CIV.A. 08-2660-KHV, 2011 WL 32436, at *2 (D. Kan. Jan. 5, 20 11) *(citing Lynn's*

---

[1] Three Plaintiffs failed to respond to written discovery and were dismissed from this lawsuit. *See* ECF No. 51.

*Food Stores, Inc. v. United States,* 679 F .2d 1350, 1353 (11th Cir. 1982))*; See also Schulte, Inc. v. Gangi,* 328 U.S. 108, 66 S.Ct. 925, 928 n. 8, 90 L.Ed. 1114 (1946).[2] If the settlement reflects a fair and reasonable compromise of a bona fide dispute, the Court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Lynn's Food,* 679 F.2d. at 1354.[3]

The endorsement of a proposed FLSA settlement by both parties is a "factor that weighs in favor of approval" because "counsel for each side possess[es] the unique ability to assess the potential risks and rewards of litigation." *Quintanilla* v. *A&R Demolition, Inc.,* No. CIV.A. H-04-1965, 2008 WL 9410399, at *5 (S.D. Tex. May 7, 2008). "In evaluating the settlement, the Court [ ] should keep in mind the unique ability of class and defense counsel to assess the potential risks and rewards of litigation; a presumption of fairness, adequacy and reasonableness may attach to a class settlement reached in arms-length negotiations between experienced, capable counsel after meaningful discovery." *In re BankAmerica Corp. Secs. Litig.,* 210 F.R.D. 694, 700 (E.D. Mo. 2002); *see also*

---

[2] "Courts greatly favor the settlement of cases and allowing litigants to achieve their own resolution of disputes ... Although the district court has broad discretion in approving a settlement ... there is a strong presumption in favor of finding a settlement fair." *De Witt v. Darlington Cnty.,* No. 4:11-cv-00740, 2013 WL 6408371, at *4 (D.S.C. Dec. 6, 2013) (citations omitted).

[3] In detailing the circumstances justifying court approval of an FLSA settlement in a litigation context, the Eleventh Circuit has stated as follows: "Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation. *Lynn's Food Stores*, 679 F.2d at 1354.

*Whittington* v. *Taco Bell of Am., Inc.*, No. 10-cv-01884, 2013 WL 6022972 (D. Colo. Nov. 13, 2013). As set forth below, the Parties settlement meets this criteria for Court approval.

II.     **SETTLEMENT TERMS.**

Under the terms of the Settlement Agreement, Defendants have agreed to pay Plaintiffs a total settlement sum of $1,645.00, within thirty (30) days of Court approval, to fully resolve this litigation. *See* Exhibit 1, p. 2. In exchange, each Plaintiff has agreed to release their wage related claims against Defendant. *See* Exhibit 1, pp. 3-4.

III.    **THE SETTLEMENT IS A FAIR AND REASONABLE RESOLUTION OF A BONA FIDE DISPUTE.**

   A.   <u>**A Bona Fide Dispute Exists Between the Parties.**</u>

Plaintiffs allege that Defendant violated the FLSA because Defendant failed to pay overtime compensation. When the lawsuit was filed as a putative collective action pursuant to the FLSA, Plaintiffs believed that the goods they transported originated in the State of Oklahoma. However, Defendant was able to provide evidence that the goods originated from outside of the State of Oklahoma and subsequently crossed state lines to come into the State of Oklahoma, supporting Defendant's contention that the Motor Carrier Act exemption applied to Plaintiffs' claims and that the overtime provisions of the FLSA did not apply. *See Deherrera v. Decker Truck Line, Inc.*, 820 F.3d 1147, 1154 (10th Cir. 2016) (finding that employees who moved goods that arrived from out-of-state locations but only moved the goods intrastate constituted moving goods in interstate commerce, as required for carrier to be exempt from overtime-pay requirements of the FLSA); *see also Foxworthy v. Hiland Dairy Co.,* 997 F.2d 670 (10th Cir. 1993) (finding that transportation within

5

single state may be "interstate" in character, such that employee of private motor carrier who performs such work will be exempt from overtime provisions of FLSA, when intrastate transportation forms part of practical continuity of movement across state lines from point of origin to point of destination). Based on the foregoing, the Court should determine a bona fide dispute exists as to whether Plaintiffs were entitled to overtime pay.

B. **The Proposed Settlement is Fair and Reasonable.**

The precise terms of the Settlement Agreement are provided in Exhibit "1" and summarized above. The Settlement Agreement was the product of arm's-length negotiations by experienced counsel and has the salutary effect of (1) providing relief to Plaintiffs, and (2) eliminating the inherent risks both sides would bear if this complex litigation continued to resolution on the merits. Such negotiations allowed the Parties to bridge the significant gap between the Parties' litigation positions and obtain the resolution described. Under these circumstances, a presumption of fairness attaches to the proposed settlement. *See Lynn's Food Stores, Inc.,* 679 F.2d at 1354 (recognizing Courts rely on the adversary nature of a litigated FLSA case resulting in settlement as indicia of fairness).

The proposed settlement is fair and reasonable because if Plaintiffs' allegations were ultimately proven correct, even for the limited time period during the relevant window of recovery, Defendant would be faced with the prospect of a monetary judgment in favor of Plaintiffs as well as an obligation to pay litigation fees and costs incurred by Plaintiffs. *See* 29 U.S.C. § 216(b). If Defendant's Motor Carrier Act defense was ultimately proven to be correct, then Plaintiffs would recover no money, and possibly be required to pay costs.

Accordingly, the Court should readily conclude that a bona fide dispute exists between the Parties under the FLSA.

The Settlement Agreement is fair and reasonable because substantial obstacles exist if litigation continues, and the settlement offers substantial and immediate relief. Although the Parties disagree about the merits of Plaintiffs' claims and the viability of Defendant's defenses, the Settlement Agreement calls for expeditious payment of the settlement amount and provides closure for all Parties upon Court approval.

### C. The Request for Attorneys' Fees and Costs is Reasonable.

The FLSA provides that a court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and the costs of the action." 29 U.S.C. § 216(b). Indeed, "[a]n award of attorneys' fees under the FLSA is **mandatory**, with the amount of fees within the discretion of the court." *Cruz v. Vel-A-Da, Inc*. Case No. 3:90CV7087, 1993 WL 659253, *3 (N.D. Ohio May 14, 1993) (emphasis added) (citing *United Slate, Tile & Composition v. G & M Roofing,* 732 F.2d 495, 501 (6th Cir.1984)).

"The purpose of the FLSA attorney fees provision is to ensure effective access to the judicial process by providing attorney fees for prevailing plaintiffs with wage and hour grievances. *Albu v. Delta Mech. Inc.*, No. 13-cv-03087, 2015 WL 4483992, at *5 (D. Colo. Jun. 30, 2015) (citing *Fegley v. Higgins*, 19 F.3d 1126, 1134 (6th Cir. 1994)). These wage and hour claims are often for small amounts of money and "[c]ourts should not place an undue emphasis on the amount of the plaintiff's recovery because an award of attorney fees here 'encourages the vindication of congressionally identified policies and rights." *Id*.

As part of its fairness determination, the Court must also determine that the proposed attorneys' fees are reasonable. *See Strong v. Bellsouth Telecomms.,* 137 F.3d 844, 849–50 (5th Cir. 1998); *see also Zoll v. Eastern Allamakee Cmty School Dist.,* 588 F.2d 246, 252, n.11 (8th Cir. 1978). The party seeking attorneys' fees has the burden to prove that its request for fees is reasonable. To meet its burden, the fee petitioner must "submit evidence supporting the hours worked and rates claimed." *Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983)).

Here, despite having performed significant legal work, Plaintiffs' counsel is seeking to recover only their legal costs incurred in this matter. Specifically, Plaintiffs' counsel is seeking to recover expenses related to their filing fee, service of process, and *pro hac vice* applications, for a total amount of $530.00. A detailed expense breakdown is hereby attached as Exhibit 4.

## **CONCLUSION**

For the foregoing reasons, the Parties respectfully request that the Court enter an Order approving their Settlement Agreement and an Order dismissing this case with prejudice. Proposed Orders are attached for the Court's consideration.

*Signature pages immediately follow.*

Respectfully submitted,

**ANDERSON ALEXANDER, PLLC**

By: /s/ *Clif Alexander*
**Clif Alexander** (*Admitted Pro Hac Vice*)
Texas Bar No. 24064805
clif@a2xlaw.com
**Lauren E. Braddy** (*Admitted Pro Hac Vice*)
Texas Bar No. 24071993
lauren@a2xlaw.com
819 N. Upper Broadway
Corpus Christi, Texas 78401
Telephone: (361) 452-1279
Facsimile: (361) 452-1284

**MCINTYRE LAW, P.C.**

By: /s/ *Noble K. McIntyre*
**Noble K. McIntyre**
Oklahoma Bar No. 16359
noble@mcintyrelaw.com
8601 S. Western Avenue
Oklahoma City, Oklahoma 73139
Telephone: (405) 917-5250
Facsimile: (405) 917-5405

*Attorneys for Plaintiffs*

*-and-*

**PHILLIPS MURRAH P.C.**

By: */s Ashley M. Schovanec*
Thomas G. Wolfe, OBA #11576
Catherine L. Campbell, OBA #14689
Ashley M. Schovanec, OBA #32502
Corporate Tower / Thirteenth Floor
101 North Robinson
Oklahoma City, OK 73102
Telephone: (405) 235-4100
Facsimile: (405) 235-4133
tgwolfe@phillipsmurrah.com
clcampbell@phillipsmurrah.com
amschovanec@phillipsmurrah.com

***Attorneys for Defendant***

## **DECLARATION OF CLIF ALEXANDER**

I have read the foregoing Joint Motion for Approval of Settlement, and I declare under penalty of perjury that the factual matters stated are true and correct.

/s/ *Clif Alexander*                             Executed on December 30, 2019.
Clif Alexander

## **DECLARATION OF LAUREN BRADDY**

I have read the foregoing Joint Motion for Approval of Settlement, and I declare under penalty of perjury that the factual matters stated are true and correct.

/s/ *Lauren Braddy*                             Executed on December 30, 2019.
Lauren Braddy

## **DECLARATION OF ASHLEY SCHOVANEC**

I have read the foregoing Joint Motion for Approval of Settlement, and I declare under penalty of perjury that the factual matters stated are true and correct.

/s/ *Ashley Schovanec*                             Executed on December 30, 2019.
Ashley Schovanec

**CERTIFICATE OF SERVICE**

I hereby certify that on December 30, 2019, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Western District of Oklahoma, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

/s/ *Clif Alexander*
Clif Alexander